IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FREDY TEPEHUA-TLAPALTOTOLI,

    Petitioner,

v.                                                                No. 2:26-cv-00116-KG-GJF

KRISTI NOEM, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Fredy Tepehua-Tlapaltotoli's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7. Because Mr. Tepehua-Tlapaltotoli's challenge presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

### I.    *Background*

Mr. Tepehua-Tlapaltotoli, a native and citizen of Mexico, entered the United States in 2017 without inspection. Doc. 1 at 7. ICE detained Mr. Tepehua-Tlapaltotoli and placed him in removal proceedings. *Id.* ICE released him after Mr. Tepehua-Tlapaltotoli posted a $25,000 bond. *Id.* For the past eight years, he has remained compliant with his conditions of release and his next immigration hearing is set for 2027. *Id.* at 2.

"In late 2025," DHS arrested Mr. Tepehua-Tlapaltotoli and detained him the Otero County Immigration Processing Center in Chaparral, New Mexico, where he remains. *Id.* at 4. Mr. Tepehua-Tlapaltotoli claims his redetention violates the Immigration and Nationality Act ("INA") and his Fifth Amendment due process rights. *Id.* at 11–13. He therefore seeks immediate release, or, in the alternative, a prompt bond hearing. *Id.* at 12–13.

### II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.     Analysis

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Mr. Tepehua-Tlapaltotoli's detention, (B) his detention violates his right to due process, and (C) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.     *Section 1226 governs Mr. Tepehua-Tlapaltotoli's detention.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288,

at *2 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added). Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *Pu Sacvin*, 2025 WL 3187432, at *3. The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission." *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.). However, the Tenth Circuit has not yet addressed this question.

Under this framework, § 1226 governs Mr. Tepehua-Tlapaltotoli's detention. ICE arrested him eight years after his initial entry into the United States and did not apprehend him at or near the border. Doc. 1 at 2. Accordingly, § 1225's mandatory detention provision does not apply because Mr. Tepehua-Tlapaltotoli effected an entry into the United States by living here for nearly a decade. *Pu Sacvin*, 2025 WL 3187432, at *3.

### B.     *Mr. Tepehua-Tlapaltotoli's detention violates his right to due process.*

Courts analyze due process claims in two steps: first, whether there exists "a protected liberty interest under the Due Process Clause," and second, whether the procedures used to deprive that interest "accord with the Constitution." *Domingo v. Castro*, 2025 WL 2941217, at *3 (D.N.M.).

Here, Mr. Tepehua-Tlapaltotoli has a protected liberty interest. After being released on bond, noncitizens acquire "a protectable liberty interest in remaining out of custody." *Danierov*, 2026 WL 45288, at *2. Mr. Tepehua-Tlapaltotoli's release allowed "him to do a wide range of

3

things," including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

Mr. Tepehua-Tlapaltotoli was also entitled to procedural safeguards before he was redetained. In determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). To start, Mr. Tepehua-Tlapaltotoli's private interest in remaining free from detention is substantial. "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

There is also a significant risk of erroneous deprivation. Courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before DHS redetains a noncitizen. *Danierov*, 2026 WL 45288, at *2. Mr. Tepehua-Tlapaltotoli was redetained after eight years without a bond hearing, and no assessment was made as to whether any material facts had changed. Doc. 2 at 3.

Finally, the Government's interest in detaining Mr. Tepehua-Tlapaltotoli without a hearing is limited. While the Government has a legitimate interest in ensuring Mr. Tepehua-Tlapaltotoli appears at immigration proceedings, detention has been unnecessary to further that interest. Since his release eight years ago, Mr. Tepehua-Tlapaltotoli has appeared at all required immigration proceedings and complied with all imposed conditions. Doc. 1 at 2. Moreover, the administrative burden of providing a bond hearing is minimal. *See Danierov*, 2026 WL 45288, at *2 (the "cost of providing a bond determination is not terribly burdensome").

**C.      *The remedy is a bond hearing where the Government bears the burden of proof.***

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Mr. Tepehua-Tlapaltotoli is a flight risk or danger to the community. Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Mr. Tepehua-Tlapaltotoli's "unlawful detention in violation of his constitutional rights shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3. A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

## IV.  Conclusion

The Court grants Mr. Tepehua-Tlapaltotoli's petition, Doc. 1, and directs the Government to provide Mr. Tepehua-Tlapaltotoli with a bond hearing under § 1226(a) before an IJ within seven days. At that hearing, the Government must justify Mr. Tepehua-Tlapaltotoli's continued detention by clear and convincing evidence. If the Government fails to provide a bond hearing within that timeframe, it must release Mr. Tepehua-Tlapaltotoli. The Court further orders the Government to file a status report within 10 days of this Order showing that it has provided Mr. Tepehua-Tlapaltotoli with a bond hearing or released him.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.