IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FREDY TEPEHUA-TLAPALTOTOLI,

    Petitioner,

v.                                                                    No. 2:26-cv-00116-KG-GJF

KRISTI NOEM, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Petitioner Fredy Tepehua-Tlapaltotoli's Motion to Enforce Judgment, Doc. 12, and the Government's Response in Opposition, Doc. 11.  Mr. Tepehua-Tlapaltotoli contends that the bond hearing held after the Court's prior order, Doc. 9, did not comply with the due process requirements set forth in that order.  After reviewing the parties' submissions and a digital audio recording ("DAR") of the bond hearing, the Court denies the motion to enforce.[1]

## I.    *Background*

Mr. Tepehua-Tlapaltotoli, a native and citizen of Mexico, entered the United States in 2017 without inspection.  Doc. 1 at 7.  Upon entry, ICE detained Mr. Tepehua-Tlapaltotoli and placed him in removal proceedings.  *Id.*  ICE ultimately released him after he posted a $25,000 bond.  *Id.* For the past eight years, he has remained compliant with his conditions of release and his next immigration hearing is set for 2027.  *Id.* at 2.  In late 2025, DHS arrested Mr. Tepehua-Tlapaltotoli and placed him in detention at the Otero County Immigration Processing Center in Chaparral, New Mexico.  *Id.* at 4.

---

[1] The DAR of the Bond Hearing (Feb. 17, 2026) is on file with the Court and lodged at Doc. 14 ("Audio Recording").

On February 13, 2026, the Court held that Mr. Tepehua-Tlapaltotoli's redetention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Doc. 13 at 2.  The Court ordered the Government to provide a bond hearing within seven days, where the Government had the burden to justify his continued detention by clear and convincing evidence, or else release him.  *Id.* at 5.

An Immigration Judge ("IJ") presided over the hearing on February 17, 2026.  During the hearing, the Government acknowledged that "the burden is on the Government" to show that Mr. Tepehua-Tlapaltotoli "would be a danger or a flight risk."  Audio Recording at 3:50–3:55.  The IJ denied bond, finding by clear and convincing evidence that Mr. Tepehua-Tlapaltotoli is a flight risk. *Id.* at 10:16.  Mr. Tepehua-Tlapaltotoli moves to enforce the Court's prior order, arguing  that the IJ failed to shift the burden to the Government.  *See generally* Doc. 10.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

### III.     Analysis

The Court concludes that (A) it has jurisdiction to consider Mr. Tepehua-Tlapaltotoli's claim, and (B) the bond proceeding complied with this Court's prior order.

#### A.          *The Court has jurisdiction to consider Mr. Tepehua-Tlapaltotoli's motion.*

Before reaching the merits, the Court must address the Government's argument that it lacks jurisdiction to consider Mr. Tepehua-Tlapaltotoli's claim. *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (a federal court has an independent obligation to assure itself of subject matter jurisdiction). Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of" 8 U.S.C. § 1226 is "not...subject to review," and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien." But § 1226(e) does not eliminate "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *see also Miranda v. Garland*, 34 F.4th 338, 351 (4th Cir. 2022) (same). Accordingly, §1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)." *Miranda*, 34 F.4th at 352; *see also Singh v. Holder,* 638 F.3d 1196, 1200–02 (9th Cir. 2011) (collecting cases and holding that § 1226(e) does not limit federal court's jurisdiction to review bond hearing determinations for constitutional claims or legal error). This framework also reflects a district court's authority to ensure compliance with its own habeas orders. *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").

Under these principles, the Court has jurisdiction to determine whether the IJ complied with the due process requirements here.  Mr. Tepehua-Tlapaltotoli does not challenge the immigration judge's discretionary weighing of the evidence or the ultimate bond determination.  Rather, he raises a constitutional claim that the immigration judge failed to follow the due process requirements set forth by this Court when denying bond.

**B.**     ***The bond hearing comported with due process.***

Mr. Tepehua-Tlapaltotoli's bond hearing satisfied the due process requirements set forth in this Court's prior order.  Under ordinary circumstances, "the burden" at a § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted.  *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.).  In granting Mr. Tepehua-Tlapaltotoli's habeas petition, however, this Court held that due process required shifting that burden to the Government.  Doc. 13 at 2.  Nothing in the recording demonstrates that the IJ failed to apply that burden-shifting framework.  To the contrary, both parties acknowledged that the burden rested with the Government.  This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed.  Rather, a review of the bond determination is for the Board of Immigration Appeals.

**IV.     Conclusion**

Mr. Tepehua-Tlapaltotoli's Motion to Enforce this Court's prior habeas order is denied.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.